PEOPLE, Respondent, v. JOHN WISE, Appellant.

## No. 1179; September 22, 1856.

Jury—Fresh Panel—Presumption in Favor of Action of Court. In the absence of direct proof to the contrary, the trial court is supposed to have acted properly in ordering the sheriff to summon a new panel.

Homicide.—An Incorrect Definition of Manslaughter Given by a Court in charging a jury is not such an error as will avail a defendant against whom the jury subsequently in the case brought in a verdict of murder.

APPEAL from Fifteenth Judicial District, Trinity County.

W. T. Wallace for respondent; W. W. Upton for appellant.

MURRAY, C. J.—The first error assigned, to wit, the refusal of the court to sustain the prisoner's exception to the panel of trial jurors, is not well taken. The sixteenth section of the act, concerning jurors, provides that, when from any cause it shall become necessary, the court may order the sheriff to summon a jury, etc. In the absence of direct proof to the contrary, it must be supposed that the judge acted properly in directing a new panel to be summoned. The objection to the judge's charge defining the law of manslaughter cannot avail the prisoner, although erroneous. The case put in the charge would have been justifiable homicide and not manslaughter. But this is immaterial, as the jury have found the prisoner guilty of murder.

Judgment affirmed, and the court below directed to fix a day for carrying the sentence into execution.

I concur: Terry, J.